# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2013

Lyle W. Cayce
Clerk

No. 12-40439
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLAUDIO BARRIENTOS-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-776-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Claudio Barrientos-Ramirez appeals the sentence imposed following his guilty plea conviction for being found unlawfully in the United States following deportation in violation of 8 U.S.C. § 1326. He contends that his sentence is procedurally and substantively unreasonable because: (1) the district court erred when it denied him a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; (2) the district court clearly erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in finding that he obstructed justice by alleging that he was assaulted and harassed by United States Border Patrol agents and that the obstruction was related to his offense of conviction; (3) the district court considered an irrelevant factor and gave improper weight to relevant factors; and (4) his sentence violates the sentencing goals set forth in 18 U.S.C. § 3553(a) because it was based on an alleged, uncharged crime which remains under investigation.

The Government has filed a motion for summary dismissal arguing that Barrientos-Ramirez's arguments are barred by the appellate-waiver provision in his plea agreement.  In the alternative, the Government seeks an extension of time in which to file a brief on the merits.

Barrientos-Ramirez does not challenge, or even mention, the appeal waiver in his brief.  He also does not address whether the Government's arguments at sentencing constituted a breach of the plea agreement. Accordingly, Barrientos-Ramirez has abandoned any argument that the appeal waiver is invalid, unenforceable, or inapplicable. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992).  Moreover, the record reflects that Barrientos-Ramirez's appeal waiver was knowing and voluntary, that his challenges to the procedural and substantive reasonableness of the sentence do not fall within any of the exceptions to the appeal waiver, and that the Government complied with its obligations in the plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  Although a valid appeal waiver does not implicate our jurisdiction, *see United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006), Barrientos-Ramirez's appeal of his sentence is clearly barred by the waiver, and the appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The Government's motion for

No. 12-40439

summary dismissal is GRANTED, and its alternative motion for an extension of time in which to file a brief on the merits is DENIED as unnecessary.